```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                     WESTERN DIVISION
```

JACINTHA B. TURNER AND
MICHAEL CLEVELAND                                         PLAINTIFFS

VS.                              CIVIL ACTION NO. 5:05-cv-62(DCB)(JMR)

THAMES AUTOPLEX, INC., AND
MITSUBISHI MOTORS CREDIT OF AMERICA                       DEFENDANTS


                    MEMORANDUM OPINION AND ORDER

      This cause is before the Court on the plaintiffs' motion to remand **(docket entry 3)**.  Having carefully considered the motion and defendant Mitsubishi Motors Credit of America ("MMCA")'s response, and being fully advised in the premises, the Court finds as follows:

      This action was removed by the defendants from the Circuit Court of Warren County, Mississippi, on the following grounds:

      (1) that federal question jurisdiction exists because Thames Autoplex, Inc. ("Thames") is currently in Chapter 7 bankruptcy proceedings before the United States Bankruptcy Court for the Southern District of Mississippi, and the plaintiffs' claims against Thames constitute "core proceedings" against the bankruptcy estate and/or are "related to" the bankruptcy proceeding;

      (2) that federal question jurisdiction exists because the complaint seeks to recover damages allegedly incurred by the plaintiffs as a result of identity theft, which the defendants allege implicates the Fair Credit Reporting Act, 15 U.S.C. § 1681

et seq.;

(3) that diversity jurisdiction exists because although the plaintiffs are residents of Mississippi and defendant Thames Autoplex, Inc. ("Thames") is a Mississippi corporation with its principal place of business in Mississippi, Thames has been fraudulently joined, and the plaintiffs have fraudulently and improperly misjoined separate and independent claims against the defendants.  MMCA is incorporated in and has its principal place of business in states other than Mississippi.  See Notice of Removal, ¶¶ 4-6.

The removing party has the burden of proving fraudulent joinder.  Laughlin v. Prudential Insurance Co., 882 F.2d 187, 190 (5th Cir. 1989).  To establish fraudulent joinder, defendants must prove: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the Plaintiff to establish a cause of action against the non-diverse party in state court." Travis v. Irby, 326 F.3d 644, 647 (5th Cir. 2003)(citing Griggs v. State Farm Lloyds, 181 F.3d 694, 698 (5th Cir. 1999)).

In Travis, the Fifth Circuit reiterated the standard by which a plaintiff's claims must be analyzed to determine the fraudulent joinder question.  The Travis court held:

> [T]he court determines whether [the plaintiff] has any possibility of recovery against the party whose joinder is questioned.  If there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder.  This possibility, however, must be reasonable,

not merely theoretical.

Travis, 326 F.3d at 648 (emphasis in original)(citing Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 312 (5th Cir. 2002)).

The plaintiffs' complaint seeks damages for fraudulent misrepresentation and/or omission; negligent misrepresentation and/or omission; breach of fiduciary duties; violation of usury statutes; unjust enrichment and restitution; and theft of identification against both defendants.  Complaint, Counts I-VI. The defendants do not offer any argument that there is no reasonable possibility of recovery against Thames, the non-resident defendant.  Nor do the defendants offer any argument in favor of a finding of misjoinder of claims.  The Court therefore finds that there is not complete diversity of citizenship.

As for federal question jurisdiction, MMCA claims that the plaintiffs' complaint implicates the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.  Nowhere in the complaint do the plaintiffs assert a claim under the Fair Credit Reporting Act.  The defendants assert, however, that claims for identity theft are cognizable only under federal law.  This is clearly not the case, as there are a number of reported decisions recognizing claims for identity theft under state law.  The defendants also assert that Mississippi law does not recognize a cause of action for identity theft.  While there may be no Mississippi statute creating a cause

of action for identity theft, this does not prevent the plaintiffs from attempting to proceed under a tort theory under state common law. Moreover, in their complaint the plaintiffs expressly deny any reliance on federal law as a basis for their claims. The plaintiffs also state that they "expressly waive any relief under any federal laws or any federal questions concerning the allegations of this Complaint, whether said allegations are pled or not." Complaint, ¶ 8.

In Adams v. General Motors Acceptance Corporation, 307 F.Supp.2d 812 (N.D. Miss. 2004), the district court held:

> It is well established that, under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Terrebonne Homecare, Inc. v. SMA Health Plan, Inc., Inc., 271 F.3d 186, 188 (5th Cir. 2001)(quoting Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). "When a plaintiff has a choice between federal and state law claims, she may proceed in state court on the exclusive basis of state law, thus defeating the defendant's opportunity to remove." Medina v. Ramsey Steel Co., 238 F.3d 674, 680 (5th Cir. 2001).

Id. at 815-16.

"If an area of the law is completely pre-empted by federal law, the artful pleading doctrine may apply." Id. at 816. "However, the United States Supreme Court has found complete preemption, and thus the artful pleading doctrine, to exist only in the limited areas of federal labor relations law, certain ERISA cases, and usury claims against national banks." Id. (citing Carpenter v. Wichita Falls Independent School Dist., 44 F.3d 362,

367 (5th Cir. 1995); Beneficial Nat. Bank v. Anderson, 539 U.S. 1 (2003)).  "Outside of these limited areas, a plaintiff is free to seek recovery solely under state law, and defendants may not seek to transform these claims into federal ones through the artful pleading doctrine."  Id.  The Adams court added:

> In asserting that jurisdiction exists, defendants stress that Mississippi law provides no cause of action for race discrimination, and they thus argue that plaintiffs' claims must necessarily be regarded as federal claims.  However, in Waste Control Specialists, LLC v. Envirocare of Tex., 199 F.3d 781, 783 (5th Cir. 2000), the Fifth Circuit held that the fact that a plaintiff asserted state law antitrust claims which were allegedly not viable did not serve to transform those claims into federal antitrust claims.  Indeed, the Fifth Circuit held that the district court lacked the jurisdiction even to consider whether those state law claims were viable, considering the absence of complete preemption in the antitrust context.  Id. at 784.

Id. at 816-17.

To establish that the plaintiffs' claims involve the resolution of a substantial question of federal law, MMCA must show that: (1) a federal right is an essential element of the plaintiffs' state-law claims; (2) interpretation of the federal right is necessary to resolve the case; and (3) the question of federal law is substantial.  Howery v. Allstate Ins. Co., 169 F.3d 912, 918 (5th Cir. 2001).

No issues of federal law appear on the face of the plaintiffs' complaint.  MMCA has failed to show that a substantial question of federal law is a necessary element of any of the plaintiffs' well-pleaded state-law claims.  MMCA has not demonstrated that the

plaintiffs must invoke the FCRA in order to succeed in any of their state-law claims, or how the interpretation of any federal right is necessary to the resolution of this case.  Therefore, the Court concludes that MMCA has failed to establish that the plaintiffs' claims involve a substantial question of federal law.

This leaves MMCA's argument that federal question jurisdiction exists by virtue of the Thames bankruptcy proceeding.  Under 28 U.S.C. § 1334(b), the district courts "have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."  In Matter of Wood, 825 F.2d 90 (5th Cir. 1987), the Fifth Circuit Court of Appeals stated that the term "arising under" describes "those proceedings that involve a cause of action created or determined by a statutory provision of title 11."  Id. at 96.  The term "arising in" refers "to those 'administrative' matters that arise only in bankruptcy cases."  Id. at 97.

These terms are "helpful indicators" of the meaning of "core proceedings," a term left undefined by the statute.  Id.  As the Fifth Circuit explained:

> If the proceeding involves a right created by the federal bankruptcy law, it is a core proceeding; for example, an action by the trustee to avoid a preference.  If the proceeding is one that would arise only in bankruptcy, it is also a core proceeding; for example, the filing of a proof of claim or an objection to the discharge of a particular debt.  If the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy it is not a core proceeding; it may be related to the

>bankruptcy because of its potential effect, but under section 157(c)(1) it is an "otherwise related" or non-core proceeding.

Id. at 97.

As set forth above, the plaintiffs' complaint seeks damages exclusively under state law. Clearly, the plaintiffs' claims do not represent "core proceedings" in the Thames bankruptcy case. This action is not a proceeding that could arise only in the context of a bankruptcy. It is a suit, premised entirely on state law, that could have proceeded in state court had there been no bankruptcy. "[C]ontroversies that do not depend on the bankruptcy laws for their existence – suits that could proceed in another court even in the absence of bankruptcy – are not core proceedings." Id. at 96.

MMCA also claims that the plaintiffs' claims are "related to" the Thames bankruptcy proceeding, as a recovery could conceivably have an effect on the estate. MMCA is correct in its assertion that this Court has jurisdiction over this action pursuant to § 1334(b). However, MMCA is incorrect in its contention that abstention is inappropriate in this case.

>Section 1334(c)(2) states:
>
>Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be

  timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2)(emphasis added).

  The following criteria must be satisfied to be entitled to mandatory abstention pursuant to Section 1334(c)(2):

  (1) the plaintiffs must "timely" have brought their motion for abstention; (2) the action must be based on state law claims; (3) the action must be "related to" a bankruptcy proceeding, as opposed to "arising under" the Bankruptcy Code; (4) the sole federal jurisdictional basis for the action must be Section 1334; (5) there must be an action "commenced in state court; and (6) the action must be capable of being "timely adjudicated" in the state court. Technology Outsource Solutions, LLC v. ENI Technology, Inc., 2003 WL 252141 at * 4 (W.D. N.Y. 2003), citing Channel Bell Associates v. W.R. Grace & Co., 1992 WL 232085 at *5 (S.D. N.Y. 1992); see also O'Rourke v. Cairns, 129 B.R. 87, 90 (E.D. La. 1991); Rupp & Bowman Co. v. Schuster, 109 F.3d 237, 239 (5th Cir. 1997); Southmark Corp. v. Coopers & Lybrand (In re Southmark Corp.), 163 F.3d 925 (5th Cir. 1999).

  This case clearly satisfies requirements (2) through (6). The plaintiffs' claims are all brought pursuant to state law. The claims do not arise in a case under title 11, but are instead merely "related to" a bankruptcy proceeding. There is no independent basis for jurisdiction other than § 1334(b) because the plaintiff is not alleging a federal question claim. This action

was first commenced and, therefore, already established in state court. Finally, there is no reason the matter could not be adjudicated in a timely manner in state court.

As for requirement (1), a "timely" motion for abstention, the Court finds that the plaintiffs' motion to remand, filed one month after removal, satisfies this requirement. Although the plaintiffs' motion does not specifically seek abstention, abstention is a limitation on removal that cannot be ignored and must be addressed by the Court upon a motion to remand. As the United States District Court for the Eastern District of California held in In re Marathon Home Loans, 96 B.R. 296 (E.D. Cal. 1989):

> Although [the plaintiff] has not specifically moved for abstention, mandatory abstention nevertheless is a limit on removal that cannot be ignored. Her motion for remand fairly puts the concepts underlying abstention in issue. Indeed, Professor Moore's observation that provisions for abstention "should go far to preclude abuse that might otherwise arise from bankruptcy removal" suggests that courts should routinely bear in mind the limits suggested by abstention when deciding remand questions. 1A Moore & B. Ringle, Moore's Federal Practice ¶ 0.171.

Id. at 301; see also Asher v. Blue Diamond Coal Co., 2005 WL 1324966 *2 (E.D. Ky. June 2, 2005)(motion to remand satisfies requirement of motion for abstention).

As further grounds for remand, the Court finds that even if the plaintiffs did not file a timely motion for abstention and if abstention were not mandatory, discretionary abstention is called for pursuant to § 1334(c)(1), since this case presents only state

law issues, and there is no obvious impediment to timely adjudication in state court.  Section 1334(c)(1) provides:

> Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with state courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to cases under title 11.

Applying the factors adopted in <u>Searcy v. Knostman</u>, 155 B.R. 699, 710 (S.D. Miss. 1993), a number of which relate to the presence, predominance and difficulty of resolving state law issues, as well as proper respect for the role of state courts in addressing and deciding issues of state law, the Court concludes that even if abstention were not mandatory in this case, discretionary abstention is warranted.

The Court therefore finds that the plaintiffs' motion to remand is well taken.  Accordingly,

IT IS HEREBY ORDERED that the plaintiffs' motion to remand **(docket entry 3)** is GRANTED;

FURTHER ORDERED that an Order of Remand, remanding this action to the Circuit Court of Warren County, Mississippi, shall be entered of even date herewith.

SO ORDERED, this the   22nd   day of March, 2006.


    s/ David Bramlette
    UNITED STATES DISTRICT JUDGE